# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT L. HOOD, | ) | CASE NO. 1:16-cv-1915 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge William H. Baughman, Jr. (Doc. No. 25) with respect to plaintiff's request for judicial review of defendant's denial of his application for Disability Insurance Benefits ("DIB"). The R&R concludes that the Commissioner's decision is supported by substantial evidence and recommends affirmance. Plaintiff filed objections to the R&R (Doc. No. 26 ["Obj."]) and defendant filed a response to the objections (Doc. No. 27 ["Response"]). Upon *de novo* review and for the reasons set forth below, the Court hereby overrules the objections in part, and sustains them in part.

## I. STANDARD OF REVIEW

This Court's review of the R&R is governed by 28 U.S.C. § 636(b), which requires *de novo* review as to those portions of the document to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

Judicial review of an administrative decision under the Social Security Act is limited to a determination of whether the administrative law judge ("ALJ") applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.,* 741 F.3d 708, 722 (6th Cir. 2014) (citation omitted).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.,* 748 F.3d 723, 726 (6th Cir. 2014) (citation omitted); *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle,* 609 F.3d at 854-55 (citation omitted). This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.,* 474 F.3d 830, 833 (6th Cir. 2006).

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (additional citation omitted)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D.

Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 544-46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

## II. DISCUSSION

In her May 26, 2015 ruling, applying the required five-step sequential analysis, 20 C.F.R. § 404.1520(a)(4), the ALJ found, at step two, that plaintiff had certain severe impairments ("degenerative disc disease and scoliosis of the lumbar and thoracic spine; degenerative disc disease of the cervical spine; osteoarthritis of the right knee; and major depressive disorder"), as well as several non-severe impairments ("GERD, hypertension, history of cocaine dependence, left knee disorder, arthritis of the left shoulder, and deformity of left wrist"). (Doc. No. 11, Transcript ["Tr."] at 86-87.[1]) These impairments did not meet or equal any listed impairment. (*Id.* at 87.) The ALJ further found:

> The claimant has the residual functional capacity ["RFC"] to lift and/or carry up to 10 pounds occasionally and 5 pounds frequently; stand and/or walk for up to 2 hours; and sit for up to 6 hours in an 8-hour workday with normal breaks. The claimant can never climb ladders, ropes or scaffolds but occasionally climb ramps and stairs; and occasionally balance, stoop, kneel, crouch, and crawl. The claimant can occasionally reach overhead. The claimant must avoid concentrated exposure to extreme cold, wetness, and excessive vibration; and all exposure to moving machinery and unprotected heights. The claimant requires the use of a cane. The claimant is limited to simple, routine, and repetitive tasks with no strict production rate or fast-pace work.

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

(*Id.* at 90.) Although the ALJ concluded that plaintiff cannot perform any past relevant work, she further concluded that, given his age, education, work experience, and RFC, plaintiff can perform the following jobs in the national and local economy: telephone information clerk, addresser, and document preparer. (*Id.* at 96.)

In his brief on the merits, plaintiff raised three issues: (1) that, while purporting to give "great weight" to the state agency paper-reviewing psychologists' opinions, the ALJ inexplicably omitted several mental health limitations contained in those opinions; (2) that the ALJ completely failed to consider plaintiff's spondylolisthesis and improperly characterized his left wrist impairment as non-severe; and (3) that the ALJ failed to consider the impact on the RFC of use of a cane and the left wrist impairment.

The R&R rejected all of these challenges, finding that there was substantial evidence to support the Commissioner's decision to deny benefits.

Plaintiff raises two objections, which are significantly narrower than the issues raised in his brief on the merits. Each is addressed below.

**Objection 1: The ALJ's RFC did not reasonably account for specific limitations in medical opinions that purportedly received significant weight**

Plaintiff challenges the R&R's affirmance of the ALJ's failure to include in the hypothetical posed to the Vocational Expert two particular mental impairments identified by the state agency psychologists: that plaintiff could "interact with others in [a] work setting on a superficial basis" (Tr. at 158), and that he could "perform[] tasks that do not require close consistent att[entio]n/concentration over an extended period[.]" (*Id.*)

4

The R&R concluded that the ALJ had properly, although somewhat imprecisely, explained the weight given to individual *aspects* of the state agency consultants' opinion on balance with the opinion of a third examiner, Dr. Ickes. The R&R notes the ALJ's findings that: (1) despite the limitations identified by the state agency consultants, Dr. Ickes found that plaintiff had a history of getting along well with others and could respond appropriately to the general public (R&R at 940, citing Tr. at 88-89,[2] citing Ex. 5F); (2) plaintiff had "the ability to maintain sufficient attention and concentration[,]" (*id.* at 941, citing Tr. at 94-95), and (3) plaintiff himself believed he had "no difficulty getting along with others, including neighbors and family." (*Id.* at 940, citing Tr. 89, citing Ex. 4E.) The R&R concludes that "the ALJ qualified the great weight given to the state agency consultants' opinions by stating that the weight was assigned to those opinions finding Hood only mildly limited in social functioning, 'as these are consistent with the record.'" (*Id*. at 940-41, citing Exs. 2A and 4A.) Ultimately, the R&R concludes that "the ALJ adequately explains the reasons for the relative weight given, which in no way contradicts the assessment of great weight given to the reviewers's opinions in other respects." (*Id*. at 942.)

Plaintiff's objection is rather simply stated. He repeats, in different words, the original challenge in his brief on the merits – that it is error to purport to rely upon an opinion, yet cast aside its vocationally-relevant conclusions. (Obj. at 948.)  But plaintiff fails to point out any error in the R&R's reasoned examination of this issue.

The Court concludes that the R&R adequately explained any perceived errors in the ALJ's reasoning by pointing out the ways that the ALJ reconciled the available opinions relating to

---

[2] The R&R's actual page citations (pp. 23-24) are to the bates numbers in the transcript. The Court has conformed the citations to the page ID numbers in CMECF.

mental impairments with the evidence in the record, coupled with plaintiff's own testimony, to determine the relative weight to be given the opinions.

The Court agrees that, as to this issue, there is substantial evidence to support the ALJ's determination. Objection No. 1 is overruled.

**Objection 2: The decision should be reversed because the ALJ did not properly evaluate Mr. Hood's physical impairments**

Although plaintiff's brief on the merits challenged two physical impairments (spondylolisthesis and left wrist deformity), both of which the R&R addressed, the objection relates only to the R&R's treatment of his spondylolisthesis (and the ALJ's lack thereof).

Plaintiff claims that the ALJ completely failed to consider this condition at step 2 of the analysis, requiring remand. The R&R accepted the Commissioner's assertion that, because "[s]pondylosis is [a] general term for common age-related wear and tear that typically causes no symptoms and/or can be treated without surgery[,]" (Def't Brief, Doc. No. 19, at 911 and n.1, citing the Mayo Clinic's website for the definition), that physical impairment is adequately covered by "degenerative disc disease." (R&R at 938.) Plaintiff faults the R&R for accepting the Commissioner's belated explanation in the response brief, an explanation that was not included in the administrative decision and, therefore, should not have been credited at all. Plaintiff argues that the ALJ herself failed to build the "accurate and logical bridge between the evidence and the result." *Fleischer*, *supra*.

Plaintiff raises a legitimate point. The Commissioner declared that "spondylosis" was essentially the equivalent of "degenerative disc disease," which the ALJ had identified as one of plaintiff's severe impairments. Whether or not that equivalency is true, which is not apparent from

6

the record, is irrelevant, because the record identifies plaintiff's condition as "spondylolisthesis." (Tr. at 369 – Ex. 2F, identifying "[a] high grade 2 or low grade 3 spondylolisthesis at L4/L5.") It appears that these are two *different*, even if possibly related, impairments. *See Cooper v. Life Ins. Co. of N. Am.*, 486 F.3d 157, 161 (6th Cir. 2007) (noting the difference); *see also Tideswell v. Sec'y of Health & Human Servs.*, 869 F.2d 1493 (Table), 1989 WL 20595, at *1 (6th Cir. Mar. 3, 1989) ("medical evidence established that Tideswell has 'severe spondylolisthesis with spondylosis . . .'") (suggesting a distinction); *Miller v. Sec'y of Health & Human Servs.*, 865 F.2d 1268 (Table), 1989 WL 2125, at *2 (6th Cir. Jan. 13, 1989) ("Dr. Pedicord noted Miller's spondylolisthesis and spondylosis . . .") (same); *Young v. Califano*, 633 F.2d 469 (6th Cir. 1980) (doctor "concluded that Young has a 'very slight spondylolisthesis' (as opposed to his previous diagnoses of 'questionable spondylosis on the left. No spondylolisthesis' and 'bilateral spondylosis.').").

Misclassification of an impairment at step two is harmless error if the ALJ considers the cumulative effect of all of plaintiff's impairments in the analysis beyond step two. *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009) (citation omitted). But here, the ALJ never mentioned spondylolisthesis. "[T]he complete exclusion of any mention of Plaintiff's [spondylolisthesis] makes it impossible for the Court to tell if the ALJ actually considered this condition in formulating the RFC." *Barker v. Comm'r of Soc. Sec.*, No. 1:15-cv-262-SKL, 2016 WL 3448583, at *6 (E.D. Tenn. June 17, 2106) (distinguishing *Nejat*, where the impairment was mentioned and considered); *see also Laudato v. Comm'r of Soc. Sec.*, No. 1:15 CV 1143, 2016 WL 8671526, at *5 (N.D. Ohio June 3, 2016) ("Plaintiff's hemochromatosis went completely unacknowledged by the ALJ despite the fact there was a positive diagnosis of the condition . . . in the record.") (report and recommendation, adopted by 2016 WL 4059352 (N.D. Ohio July 29,

2016)); *Crowther v. Comm'r of Soc. Sec.*, No. 1:11-cv-394, 2012 WL 2711041, at *9 (S.D. Ohio July 6, 2012) (when an ALJ "fails to mention relevant evidence in his decision" and "fail[s] to articulate any reasons for rejecting this evidence" the decision is not supported by substantial evidence).

The Court accepts plaintiff's objection so far as it argues that it was error for the R&R to equate his condition of spondylolisthesis with degenerative disc disease and to then conclude that the ALJ had adequately addressed this condition. In fact, the ALJ did not even mention the condition, much less account for whether (and why) it could be, or should be, disregarded. The Court expresses no opinion on that issue, merely noting that, since spondylosis (relied upon by the Commissioner) and spondylolisthesis (plaintiff's condition) are two different impairments, and since the ALJ failed to address the latter, plaintiff's objection in this regard is sustained.

### III. CONCLUSION

For the reasons discussed above, plaintiff's objection to the R&R is overruled as it relates to the challenged mental impairments, but is sustained as it relates to failure to consider spondylolisthesis.

As a result, and to that extent, the Commissioner's decision to deny disability insurance benefits is not supported by substantial evidence. The administrative decision is vacated and this case is remanded to the Commissioner pursuant to sentence four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g). On remand, the Appeals Council shall direct the ALJ to conduct further proceedings and develop the administrative record, as necessary, including reevaluating the opinions of record regarding plaintiff's diagnosis of spondylolisthesis and any effect this would

8

have on plaintiff's residual functional capacity, and to determine anew, in that light, whether plaintiff is disabled within the meaning of the Social Security Act.

**IT IS SO ORDERED**.

Dated: September 15, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**