**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT L. HOOD, | ) | CASE NO. 1:16CV1915 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Commissioner of Social Security ("Commissioner") to alter or amend the Court's judgment, pursuant to Fed. R. Civ. P. 59(e). (Doc. No. 30 ["Mot."].) Plaintiff Robert L. Hood ("Hood") opposes the motion (Doc. No. 31 ["Opp'n"]), and the Commissioner has filed a reply (Doc. No. 32 ["Reply"]). For the reasons that follow, the motion is denied.

## I. BACKGROUND

Hood filed the present action on July 29, 2016, challenging the Commissioner's denial of his application for Disability Insurance Benefits ("DIB"). On July 6, 2017, the magistrate judge issued a report and recommendation ("R&R") recommending affirmance of the Commissioner's decision, finding it to be supported by substantial evidence. (Doc. No. 25.) Hood filed objections to the R&R, arguing that the residual functional capacity ("RFC") of the administrative law judge ("ALJ") did not reasonably account for specific limitations in medical opinions that purportedly received significant weight and that the ALJ did not properly evaluate Hood's

physical impairments. (Doc. No. 26.)

The Court denied the objections, in part, and sustained them, in part. (Doc. No. 28 (Memorandum Opinion ["MO"]).) While the Court determined that the ALJ properly weighed the medical opinions contained in the record, the Court found that the ALJ did not properly evaluate Hood's spondylolisthesis. First, the Court noted that the ALJ erred by not considering it as a potential severe impairment at step two of the five step analysis. In reaching this conclusion, the Court rejected the Commissioner's suggestion that the omission could be excused because "spondylosis" was essentially the equivalent of "degenerative disc disease," a condition the ALJ identified as one of Hood's severe impairments. Without ruling on whether the equivalency was true, the Court noted that the question raised by Hood was whether the ALJ considered his spondylolisthesis, a condition that the parties appear to agree is different from, albeit related to, the condition of spondylosis.[1] (*Id*. at 959-60.) The Court then determined that the ALJ's failure to mention "spondylolisthesis" in his subsequent analysis of Hood's RFC, made it impossible to determine whether THE ALJ properly considered this impairment, severe or otherwise. (*Id*. at 960.) Accordingly, the Court concluded that remand was necessary to permit the ALJ the opportunity to properly consider the impact of Hood's spondylolisthesis.

The Commissioner now seeks reconsideration of the Court's decision to remand this action, in part, for further proceedings.

## II. STANDARD OF REVIEW

Motions for reconsideration are typically treated as a motion to alter or amend the

---

[1] In rejecting this argument, the Court also noted that the Commissioner's "belated explanation" for the omission was only contained in its response brief and did not appear in the ALJ's decision. (MO at 959, all page number references are to the page identification number generated by the Court's electronic docketing system).

judgment under Fed. R. Civ. P. 59(e). *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 382 (6th Cir. 1991) (citing *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979)). The purpose of Rule 59(e), however, is not to provide an unhappy litigant with an opportunity to relitigate issues already considered and rejected by the Court. *Morgantown Mach. & Hydraulics of Ohio, Inc. v. Am. Piping Prods., Inc.*, No. 5:15-CV-1310, 2016 WL 3555431, at *3 (N.D. Ohio June 30, 2016) (citing *Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D. Ohio 1991)). It is also not a substitute for appeal. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Generally, only three situations justify a district court altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error or prevent a manifest injustice. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004).

## III. DISCUSSION

In this case, the Commissioner does not suggest that there has been an intervening change in controlling law or that there is new evidence available. Instead, he seeks to correct a clear error of law or to prevent manifest injustice. He argues that the ALJ reasonably considered all of Hood's medical limitations, including spondylolisthesis, noting that the ALJ, after his step two identification of severe impairments, "repeatedly mentioned spondylolisthesis." (Mot. at 965.)

As the Court observed in its initial decision, "[m]isclassification of an impairment at step two is harmless error if the ALJ considers the cumulative effect of all of plaintiff's impairments in the analysis beyond step two." (MO at 960, citing *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009)). If the ALJ continues with the remaining steps, any error at step two is harmless, so long as the ALJ considered the effects of all medically determinable impairments,

including those deemed nonsevere.[2] *See Walton v. Astrue*, 773 F. Supp. 2d 742, 747 (N.D. Ohio 2011) (noting that "[w]hen an ALJ considers all of a claimant's impairments, post-Step Two, an ALJ's failure to find additional severe impairments at Step Two does not constitute reversible error") (collecting cases); *see also Cobb v. Colvin*, No. 12-1156-JWL, 2013 WL 1767938 (D. Kan. Apr. 24, 2013) ("The Commissioner is correct that the failure to find that additional impairments are severe is not in itself cause for reversal. But this is true only so long as the ALJ considers the effects of all of the claimant's medically determinable impairments, both those he deems severe and those not severe.") (quotation marks and citation omitted).

In *Cobb*, the Court found that the ALJ failed to identify the plaintiff's anxiety disorder as a severe impairment at step two of the analysis and failed to subsequently include that impairment in his step three consideration of whether the plaintiff's condition met or equaled a listing. *Id*. at *4. While the ALJ mentioned the plaintiff's "anxiety" several times in the step three analysis, he did not treat it as a disorder or explain how it factored into his step three analysis. *Id*. at *5 (concluding that "the court is simply unable to ascertain the ALJ's evaluation of Plaintiff's impairments and whether he recognized anxiety disorder as a medically determinable impairment or included it in his consideration of whether Plaintiff's condition functionally equals the listings").

Similarly, here, the Court cannot determine whether the ALJ properly considered Hood's spondylolisthesis and whether it factored into the ALJ's analysis at step three and beyond. The Commissioner is correct that the ALJ *mentioned* the word "spondylolisthes." To the extent that

---

[2] Hood having cleared the step two hurdle of establishing at least one severe impairment, the ALJ was required to consider all impairments, severe and non-severe, in the remaining steps. 20 C.F.R. § 404.1545(e).

the Court suggested that the ALJ did not *mention* it anywhere in his decision, the Court stands corrected. However, the fact remains that it is unclear from the decision whether the ALJ properly considered this as an impairment. The references upon which the Commissioner relies appear only in the ALJ's summary of the medical evidence.[3] *See generally Jackson v. Astrue*, 734 F. Supp. 2d 1343, 1360 (N.D. Ga. 2010) (noting that "[a] mere summary of the evidence without any analysis is simply not helpful to the reviewing court (or the claimant who is attempting to understand why the ALJ rejected the application for disability benefits"). Despite the fact the ALJ recited the results of two MRIs showing spondylolisthes, the ALJ did not *address* this as a condition or *discuss* its impact on his post-step two analysis. *Cf. Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2003) (plaintiff's argument that the ALJ erred in finding an impairment non-severe at step two was without merit where the ALJ clearly considered all of the claimant's impairments in the RFC assessment); *Dyer v. Comm'r of Soc. Sec.*, No. 16-cv-67, 2018 WL 2445084, at *6 (M.D. Tenn. May 31, 2018) (finding misclassification at step two harmless error where "ALJ continued with the *full analysis* of plaintiff's mental health impairments") (emphasis added), *report and recommendation adopted by* 2018 WL 3609520 (M.D. Tenn. July 27, 2018); *Walton*, 773 F. Supp. 2d at 747 (noting that the "record reflects that the ALJ gave the appropriate consideration to both Walton's severe and non-severe impairments post-Step Two"); *Jackson*, 734 F. Supp. 2d at 1362 (finding a failure to consider depression at step two harmless error where the ALJ clearly considered and rejected

---

[3] For example, in summarizing the evidence relating to "claimant's disorders of the spine," the ALJ noted that "[t]he claimant's lumbar x-rays and MRIs in 2012 showed Grade 2 *spondylolisthesis*[.]" Doc. No. 11 (ALJ Decision) at 91 (record cite omitted) (emphasis added); *see also id.* at 92 ["The claimant had an MRI done of his lumbar spine in October 2014, which showed marked levoscoliosis with *spondylolisthesis* with bilateral lateral recess and foraminal narrowing[.]" (record cite omitted) (emphasis added).)

medical opinions of depression in the third step of the evaluation process). Under these circumstances, the Court cannot determine whether the ALJ's failure to consider Hood's spondylolisthesis at step two was harmless, and remand is necessary.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's motion to alter or amend the judgment is denied.

**IT IS SO ORDERED**.


Dated: March 11, 2019

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**