# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT L. HOOD, | ) | CASE NO. 1:16-cv-1915 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the joint stipulation of the parties (Doc. No. 37), as well as plaintiff's motion supported by documentation (Doc. No. 36), for an award to plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), of $7,000.00 in attorney's fees. For the reasons set forth herein, the stipulation is approved.

## I. BACKGROUND

On July 29, 2016, plaintiff filed this action seeking judicial review of defendant's denial of his application for a period of disability and Disability Insurance Benefits ("DIB"). (Doc. No. 1.) On September 15, 2017, this Court vacated the administrative decision and remanded to the Commissioner pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g), with directions that the ALJ conduct further proceedings and develop the administrative record as necessary, including reevaluating the opinions of record regarding plaintiff's diagnosis of spondylolisthesis and any effect this would have on plaintiff's residual functional capacity, and to determine anew, in that light, whether plaintiff is disabled within the meaning of the Social Security Act. (Doc. Nos. 28, 29.)

On October 11, 2017, the Commissioner filed a motion to alter or amend the judgment. (Doc. No. 30.) On March 11, 2019, this Court denied that motion. (Doc. No. 33.)

Plaintiff subsequently sought, and was granted, two extensions of time to file his motion under the EAJA, both times representing that his counsel was endeavoring to reach a stipulation with opposing counsel regarding fees. (*See* Doc. Nos. 34, 35.)

Both plaintiff's motion and the subsequent joint proposed stipulation are ripe for consideration.

## II. DISCUSSION

The EAJA requires the government to pay a prevailing plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). There is no dispute here that the government's position was not substantially justified and that plaintiff is the "prevailing party" under the EAJA. *See Hammock v. Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015), *report and recommendation adopted sub nom Hammock v. Acting Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015) ("A plaintiff who wins a remand of her social security appeal in this Court is a 'prevailing party[.]'").

Although the parties have stipulated to the amount of an award, the Court must still examine it for reasonableness. 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"). The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

Documentation submitted by plaintiff's counsel shows 42.70 hours of legal services performed between June 20, 2016 and June 10, 2019, including the typical legal services of reviewing the administrative record, reviewing medical records, telephone calls, briefing, reviewing court orders, and the like.[1] The Court finds both the amount and the nature of these legal services to be reasonable.

Plaintiff's counsel has not indicated a billing rate, but simple calculations show that it would be approximately $164.00/hour ($7,000 ÷ 42.70 hours). That rate would be an upward departure from the $125.00 statutory cap. It is common, although not required, to adjust the statutory hourly rate to account for cost of living increases since 1996, the time when that rate was last capped. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n. 4, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) ("A higher fee may be awarded if 'the court determines that an increase in the cost of living … justifies a higher fee.'") (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)); *see also Hutchinson v. Colvin*, No. 1:15-cv-1144, 2016 WL 6777804, at *2 (N.D. Ohio Nov. 16, 2016) (examining the appropriateness of a cost of living increase).

The Court finds that the $7,000.00 stipulated award is both reasonable and adequately reflective of "the prevailing market rates for the kind and quality of services furnished[.]" 28 U.S.C. § 2412(d)(2)(A). As the parties recognize in their stipulation, this award will be in full satisfaction of any and all of plaintiff's claims for fees, costs, and expenses, and is subject to setoff to satisfy any pre-existing debt owed by plaintiff to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

---

[1] Counsel has not claimed any hours for preparation of the motion for fees. (Doc. No. 36 at 989 [all page references are to the Page ID# applied by CMECF].)

Defendant is directed to determine, within 30 days from the date of this order, whether plaintiff owes any pre-existing debt to the United States, to offset any such debt against the award granted herein, and to direct payment of the award (or the balance thereof) to plaintiff's attorney pursuant to the attorney's fee assignment duly signed by plaintiff and his counsel. (*See* Doc. No. 36-2.)

### III. CONCLUSION

For the reasons set forth herein, the Court grants both plaintiff's motion (Doc. No. 36) and the parties' joint stipulation (Doc. No. 37) for an award to plaintiff pursuant to 28 U.S.C. § 2412 in the amount of $7,000.00 in attorney's fees, and this amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: December 12, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**